UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM B.,

                        Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

Case No. C22-5650 JHC

**ORDER AFFIRMING AND
DISMISSING THE CASE**

        Plaintiff seeks review of the denial of his application for Supplemental Security Income ("SSI").  Plaintiff contends the ALJ erred by rejecting his symptom testimony and the medical opinion of Michael A. Slentz, PA-C, and by improperly assessing his residual functional capacity ("RFC").  Dkt. # 20.  As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**I**
**BACKGROUND**

        Plaintiff is 39 years old, has at least a high school education, and has worked as an electronics technician, biomedical technician, and security guard.  Admin. Record ("AR") 23.  In March 2019, Plaintiff applied for Disability Insurance Benefits ("DIB") and SSI, alleging disability as of November 1, 2017.  AR 72, 83.  Plaintiff's applications were denied initially and

on reconsideration.  AR 80, 91.  The ALJ conducted a hearing in December 2020.  AR 31–68.

During the hearing, Plaintiff amended his alleged onset date to October 24, 2019.  AR 39–40.

To received DIB, a claimant must establish disability on or prior to his or her date last insured.

*See* 20 C.F.R. § 404.131.  Plaintiff's date last insured is September 30, 2019, so by amending his

alleged onset date, Plaintiff voluntarily withdrew his DIB application.  AR 15, 39–40.  On July 2,

2021, the ALJ issued a decision finding Plaintiff not disabled from his amended alleged onset

date through the date of the decision.  AR 12–24.

## II
### THE ALJ'S DECISION

Using the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since November 1, 2017.

**Step two:**  Plaintiff has the following severe impairment: degenerative disc disease of the lumbar spine.

**Step three:**  This impairment does not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  In relevant part, Plaintiff can perform light work, except that he requires a cane to ambulate, and he is unable to climb ladders, ropes, or scaffolds. Plaintiff is able to occasionally stoop, crawl, and climb stairs or ramps.

**Step four:**  Plaintiff cannot perform past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR  18–24.  The Appeals Council denied Plaintiff's request for review, making the ALJ's

decision the Commissioner's final decision.  AR 1–5.[3]

///

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.
[3] This order omits procedural history irrelevant to the outcome of the case.

ORDER AFFIRMING AND DISMISSING
THE CASE - 2

**III**
**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or unsupported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

A.       Plaintiff's Symptom Testimony

Plaintiff testified he cannot work due to lower back pain that radiates to both of his legs.[4] AR 46–47. He explained that due to back issues, he uses a cane to walk, can be on his feet for only 10 to 15 minutes, and spends most of his days laying down flat on his back. AR 49. He also stated that due to back issues, he can sit for only 15 to 20 minutes. AR 50. Plaintiff also testified he has numbness in his hands that affects his ability to perform household chores. AR 47, 51–52. He explained that he has undergone steroid injections and physical therapy and have found them to be somewhat helpful. AR 47–49.

When, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no

---

[4] Plaintiff also testified to having mental health symptoms, but because he challenged only the ALJ's evaluation of his physical health symptoms in his Opening Brief, the Court does not address the ALJ's evaluation of the mental health symptoms. *See Carmickle v. Commissioner*, *Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address an ALJ's finding because the plaintiff "failed to argue th[e] issue with any specificity in his briefing").

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

affirmative evidence of malingering, the ALJ can discount the claimant's testimony as to

symptom severity only by providing "specific, clear, and convincing" reasons supported by

substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard

isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that

it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In this case, the ALJ first rejected Plaintiff's testimony because of its inconsistency with

the objective medical evidence, namely findings of normal strength and normal gait.  AR 21.

Plaintiff says the ALJ's reasoning is erroneous because his testimony focused on

pain.  Dkt. # 20 at 3.  But objective medical evidence is a factor the ALJ may consider in

analyzing a claimant's credibility.  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Further, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's

subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53

F.4th at 498.  Here, the ALJ reasonably found Plaintiff's exertional, standing, and walking

limitations, and overall back pain, are not as severe as he says, given that his physical

examinations revealed normal strength with his cervical and lumbar spine, as well as normal gait.

AR 21 (citing AR 715–16, 725, 750–51, 767).  Thus, in rejecting Plaintiff's testimony for this

reason, the ALJ did not err.

The ALJ also found Plaintiff's testimony inconsistent with Dr. Robinson's evaluation,

explaining that the doctor "seem[ed] to suggest that there are extraneous factors that would

enable the claimant to work despite his back pain."  AR 21 (citing AR 722–26).  The ALJ's

reading of Dr. Robinson's evaluation is reasonable.  Dr. Robinson observed Plaintiff had issues

"common in patients with chronic pain," and his epidural injections may not be as beneficial

given Plaintiff has not returned to work, but he also found Plaintiff had no focal weakness in

ORDER AFFIRMING AND DISMISSING
THE CASE - 4

either of his upper extremities and full strength in both of his lower extremities.  AR 723, 725.

He further stated Plaintiff is "extremely strong, so it [was] not easy to identify mild weakness."

*Id*.  Dr. Robinson further wrote that Plaintiff "might benefit from vocational counseling so that

he can find work that is not terribly demanding physically."  AR 723.  He also observed that

Plaintiff must address his need for psychiatric intervention if he is to get "substantial functional

benefit."  *Id.*  Dr. Robinson's examination findings and impressions, taken altogether, indicate he

did not find Plaintiff to be as limited as alleged.  Thus, in rejecting Plaintiff's testimony on this

basis, the ALJ did not err.

Finally, the ALJ rejected Plaintiff's testimony based on his reported activity.  AR 21.  An

ALJ may reject a plaintiff's symptom testimony based on their daily activities if they contradict

their testimony.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885

F.2d 597, 603 (9th Cir. 1989)).  The evidence the ALJ relied on states Plaintiff "developed an

exercise program including yoga and some back exercises," and that Plaintiff had been

"exercising regularly" and lost 20 pounds in the process.  AR 654.  Elsewhere in the decision, the

ALJ also pointed out Plaintiff was involved in repairing family houses for selling.  AR 22 (citing

AR 582).  The ALJ also pointed to Plaintiff's functional report, in which he stated that his

hobbies included lacrosse, metal work, carpentry, auto work, martial arts, fishing, hunting,

camping, shooting, and riding motorcycles.  AR 21–22 (citing AR 221).

Plaintiff argues his ability to carry on with his daily activities, such as grocery shopping,

driving, or limited exercise, are impermissible grounds on which to reject his testimony.  Dkt. #

20 at 4–5.  Plaintiff also argues the ALJ misread Plaintiff's functional report.  *Id.* at 4.  The Court

agrees that the ALJ's reliance on Plaintiff's functional report was misplaced—while Plaintiff did

state he was interested in the hobbies listed above, he also wrote he rarely does them due to his

1    impairments and reports of pain. *See* AR 221. But the Court disagrees with Plaintiff's

2    contention that the ALJ impermissibly rejected his testimony based on the other activities the

3    ALJ listed. Plaintiff did not just partake in limited exercise, as he argues. Dkt. # 20 at 4.

4    Rather, the record shows he performed them regularly. AR 654. Plaintiff also argues his

5    functional report states he could perform household chores in limited amount because of his

6    pain. But "[e]ven if the claimant experiences some difficulty or pain, [the claimant's] daily

7    activities 'may be grounds for discrediting the claimant's testimony to the extent that they

8    contradict claims of a totally debilitating impairment.'" *Smartt*, 53 F.4th at 499. Plaintiff's

9    ability to exercise regularly, perform household chores—even with bouts of pain—and repair

10   houses for sale, altogether, undermine his testimony that he spends most of his days laying down,

11   and that he is limited to standing, sitting, and walking for 10 to 20 minutes. Thus, in rejecting

12   Plaintiff's testimony on this basis, the ALJ did not err.

13        B.      Medical Opinion Evidence

14        Plaintiff contends the ALJ erred in rejecting the medical opinion of Michael Slentz, PA-

15   C. Dkt. # 20 at 7.

16        In a form prepared by Plaintiff's counsel, Mr. Slentz opined Plaintiff is limited to

17   standing/walking for two hours and sitting for two to four hours during an eight-hour workday.

18   AR 588. He opined Plaintiff needs to recline for two hours and take one or more unscheduled

19   breaks of 15 minutes each during an eight-hour workday. *Id*. He also opined that even if

20   Plaintiff were limited to sedentary work, his impairments would result in absenteeism of three or

21   more days per month. AR 589.

22        ALJs must consider every medical opinion in the record and evaluate each opinion's

23   persuasiveness, with the two most important factors being "supportability" and "consistency."

ORDER AFFIRMING AND DISMISSING
THE CASE - 6

1    *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a).  Supportability

2    concerns how a medical source supports a medical opinion with relevant evidence, while

3    consistency concerns how a medical opinion tracks other evidence from medical and nonmedical

4    sources.  *See id.*; 20 C.F.R. § 416.920c(c)(1), (c)(2).  Under the new regulations, "an ALJ cannot

5    reject an examining or treating doctor's opinion as unsupported or inconsistent without providing

6    an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

7         Here, the ALJ first rejected Mr. Slentz's opinion for its lack of supportability.  AR 22.

8    The ALJ noted that when Mr. Slentz's completed the medical opinion form, he had not actually

9    examined Plaintiff's back.  *Id.*  When considering a medical opinion's supportability, the ALJ

10   must look to the medical source's relevant explanations and objective medical evidence.  20

11   C.F.R. 416.920c(c)(1).  That Mr. Slentz did not perform a back examination the day he

12   completed the medical opinion form does not by itself detract from his opinion, given that he is

13   one of Plaintiff's treating sources and therefore would presumably have other treatment

14   information that could reasonably support his proposed limitations.  *See Garrison v. Colvin*, 759

15   F.3d 995, 1013 (9th Cir. 2014) (finding that an ALJ errs when rejecting an opinion "based on

16   [the medical source's] significant experience with [the claimant] and supported by numerous

17   records).  And though the ALJ did refer to Mr. Slentz's other examinations throughout the

18   record—specifically one showing Plaintiff demonstrated a full range of motion— the ALJ's

19   reasoning is lacking because the ALJ's citation was from before Plaintiff's amended alleged

20   onset date and thus of limited relevance.  *See Carmickle*, 533 F.3d at 1165 ("Medical opinions

21   that predate the alleged onset of disability are of limited relevance."); AR 22 (citing AR 408).

22   Thus, in rejecting Mr. Slentz's opinion for its lack of supportability, the ALJ erred.

23        The ALJ also rejected Mr. Slentz's opinion based on its inconsistency with other

ORDER AFFIRMING AND DISMISSING
THE CASE - 7

information.  AR 21.  This finding is overall reasonable.  When considering a medical opinion's

consistency, the ALJ must look to see how consistent it is with evidence from other medical

sources and nonmedical sources in the claim.  20 C.F.R. § 416.920c(c)(2).  Here, the ALJ first

highlighted findings from Plaintiff's generally conservative treatment showing decrease in his

reports of pain after his epidural injections.  AR 715, 750, 767.

        The ALJ also contrasted Mr. Slentz's opinion with the opinions Dr. Staley, Dr. Fitterer,

Dr. Robinson, and Dr. Rapp.  AR 22.  The ALJ's comparison to Dr. Staley's and Dr. Fitterer's

opinions is not entirely convincing since their opinions pre-date Plaintiff's amended alleged

onset date and "[m]edical opinions that predate the alleged onset of disability are of limited

relevance." *Carmickle*, 533 F.3d at 1165.  But the ALJ's inconsistency finding is still supported

based on the findings of Dr. Robinson and Dr. Rapp.  As stated above, Dr. Robinson's

examination revealed full strength in Plaintiff's extremities and he surmised Plaintiff could

perform work, so long as they were "not terribly demanding physically."  AR 725.  Dr. Rapp

similarly commented that Plaintiff may "benefit from vocational counseling" even if it were

"unlikely he would be successful with heavy manual labor" given his back issues, and deferred

to Dr. Robinson's input.  *See* AR 654.

        Finally, the ALJ pointed to Plaintiff's ability to exercise regularly and repair houses.  AR

21 (citing AR 582, 654).  In his Reply, Plaintiff argues his repairs were actually limited to giving

feedback on contractor's work.  *See* Dkt. # 30 at 7.  "[T]he burden of showing that an error is

harmful normally falls upon the party attacking the agency's determination." *Shinseki v.

Sanders*, 556 U.S. 396, 409 (2009).  Yet Plaintiff fails to direct to Court to any place in the

record to show this was the extent of his work.  Further, "[w]here evidence is susceptible to more

than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v.*

1  *Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  Given Dr. Robinson's findings, Dr. Rapp's

2  observations, and Plaintiff's reported activities, the ALJ could reasonably find Mr. Slentz's

3  opinion inconsistent with the record.  Thus, in rejecting his opinion for its inconsistency with the

4  record, the ALJ did not err.

5       Further, because the ALJ's inconsistency finding is supported by substantial evidence,

6  the ALJ's erroneous supportability finding is rendered harmless.  *See Carmickle*, 533 F.3d at

7  1162 (including an erroneous reason is at most harmless error where an ALJ provides other

8  reasons supported by substantial evidence).

9       C.      Plaintiff's RFC

10      Plaintiff contends the ALJ erred in assessing his RFC because he based them on medical

11  opinions that were provided before Plaintiff's amended alleged onset date.  Dkt. # 20 at 6–7.

12      As stated above, "[m]edical opinions that predate the alleged onset of disability are of

13  limited relevance."  *Carmickle*, 533 F.3d at 1165.  But the Court cannot say the ALJ harmfully

14  erred in the assessment of Plaintiff's RFC.  The RFC incorporates credible limitations supported

15  by substantial evidence in the record.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th

16  Cir. 2008).  Though Dr. Staley and Dr. Fitterer provided their medical opinions before Plaintiff's

17  alleged amended onset date, the ALJ still cited to records from the relevant period in finding

18  them persuasive.  AR 21–22.  For example, the ALJ relied on an evaluation and a nerve

19  conduction study showing Plaintiff did not currently have numbness in his leg, he had full

20  strength in all four extremities and mostly normal reflexes, though with some reduced sensation.

21  *See* AR 725, 795.  The Court may only reverse the ALJ's decision if it is "not supported by

22  substantial evidence in the record *as a whole*."  *Molina*, 674 F.3d at 1110 (emphasis added).

23  Plaintiff's records as cited by the ALJ supports Dr. Staley's and Dr. Fitterer's findings, therefore

ORDER AFFIRMING AND DISMISSING
THE CASE - 9

the ALJ could reasonably find their opinions consistent and their proposed limitations credible. *See* 20 C.F.R. 416.920c(c)(2).  Outside their opinions' timing, Plaintiff makes no argument to show otherwise.

Moreover, an ALJ assesses a claimant's RFC "based on *all* of the relevant medical and other evidence."  20 C.F.R. § 416.945 (emphasis added).  Here, in assessing Plaintiff's RFC, the ALJ also considered Plaintiff's testimony, which the Court has found the ALJ permissibly rejected.  AR 19–22.  Thus, the Court finds the ALJ did not err in Plaintiff's RFC assessment.

## IV
### CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 29th day of September, 2023.

John H. Chun
United States District Judge

ORDER AFFIRMING AND DISMISSING
THE CASE - 10